NO. 07-04-0448-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 12, 2005

_____

RONALD H. MARR, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 137TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2003-403,784; HON. CECIL G. PURYEAR, PRESIDING

_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Ronald H. Marr, Jr. (appellant) appeals his conviction for failing to register as a sex offender. His sole issue involves whether he was denied due process because he was not given the chance to challenge whether the sex crime for which he was convicted in Oklahoma was substantially similar to a crime recognized in Texas. We affirm.

At trial, appellant testified that "the whole thing of this case was not challenging that I had to register, it was just my understanding that I had thought I was finished" once his parole ended. This is of import because we cannot find where in the record that appellant

raised before the trial court the due process argument asserted here. And, because the argument was not raised below, it was waived. *See Saldano v. State,* 70 S.W.3d 873, 886-87 (Tex. Crim. App. 2002) (stating that even constitutional complaints may be waived by failure to timely assert them in the trial court); *Latham v. State*, No. 14-01-00562-CR, 2002 Tex. App. LEXIS 6592 (Tex. App.–Houston [14th Dist.] Sept. 5, 2002, no pet.) (not designated for publication) (holding that the appellant waived his due process claim involving the sex offender registration statute because it was not raised at trial).

Accordingly, we overrule the issue and affirm the judgment of the trial court.

Brian Quinn
Justice

Do not publish.